1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8

| | |
|---|---|
| Government Employees Insurance Company, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>Advantage Auto Glass LLC, et al.,<br><br>                    Defendants. | No. CV-19-02705-PHX-SMB<br><br>**ORDER** |

This matter is before the Court as a result of a stipulation submitted by Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively, "GEICO" or "Plaintiffs") and Defendants, Advantage Auto Glass, LLC ("Advantage") and Jeremy Solheim ("Solheim")(collectively "Defendants") to have this Court adopt and so-order the terms of a settlement reached in this matter that resolves this litigation and the claims by and between the respective Parties (the "Stipulation").

In connection with the Stipulation, the following individuals/entities have appeared in this action through counsel, and have consented to the Court having jurisdiction over them for purposes of making them subject to this Order and any proceedings that may arise in the future related to enforcement: (i) Amie Solheim ("Mrs. Solheim"), and (ii) Solheim Solutions, LLC, Assured Auto Protection, LLC and Cine-Glass, LLC (collectively, the "Additional Glass Companies").

The Court has reviewed the Stipulation, which has been executed by counsel for the Plaintiffs, Defendants, Mrs. Solheim and the Additional Glass Companies, and which asks the Court to adopt the proposed Order.

**NOW**, upon due consideration,

**IT IS ORDERED THAT THIS MATTER IS SETTLED ON THE FOLLOWING TERMS:**

1. This action is dismissed without prejudice. Defendants shall deliver to Plaintiffs the sum of Fifty Thousand and 00/00 ($50,000.00) Dollars (the "Settlement Proceeds") by certified check, or attorney escrow check made payable to "Government Employees Insurance Company" and delivered to GEICO's counsel, Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556 no later than sixty (60) days following the entry of this Order. Defendants shall not request or seek any extension of their time to make payment as required by this paragraph 1.

2. Should: (i) Defendants fail to pay and deliver the Settlement Proceeds to GEICO's counsel within sixty (60) days from the entry of this Order; or (ii) at any time during the ninety-one (91) days following GEICO's receipt of the Settlement Proceeds, Defendants, Mrs. Solheim or the Additional Glass Companies, or any of them, seek voluntary protection under any federal and/or state bankruptcy or insolvency laws, and GEICO is required to pay the Settlement Proceeds to a bankruptcy trustee, then GEICO shall be immediately entitled to enter a judgment against Defendants, Mrs. Solheim and/or the Additional Glass Companies, jointly and severally, in the amount of $250,000.00 (the "Judgment"). The amount of the Judgment shall be deemed liquidated damages, and shall not be considered to be a penalty. Interest on the Judgment shall accrue at the highest rate allowable by applicable law until fully paid. In addition, Plaintiffs shall be entitled to reimbursement of all reasonable attorneys' fees, costs and disbursements that it incurs in connection with any further collection activities. To the extent that Plaintiffs enter the Judgment against Defendants, Mrs. Solheim and/or the Additional Glass

Companies, or any of them, it shall be deemed non-dischargeable in any bankruptcy proceeding pursuant to 11 U.S.C. §§ 523(a)(2)A and (a)(6), and neither Defendants, Mrs. Solheim and/or the Additional Glass Companies shall seek a discharge or contest the non-dischargability of the Judgment in any bankruptcy proceeding.

3.     If any claims, demands, losses, liabilities, costs, actions, causes of action or suits are commenced by any third party seeking to recover from Plaintiffs all or some of the Settlement Proceeds, then Defendants, Mrs. Solheim and/or the Additional Glass Companies shall be required to fully indemnify Plaintiffs for the reasonable costs, disbursements and attorneys' fees associated with defending against them and any liabilities resulting therefrom.

4.     Within five (5) days following the entry of this Order, Defendants shall deliver to Plaintiffs' counsel of record in this action an executed and notarized release in the following form:

## **RELEASE**

**TO ALL TO WHOM PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT**

Jeremy Solheim, Amie Solheim, Advantage Auto Glass, LLC, Solheim Solutions, LLC Assured Auto Protection, LLC and Cine-Glass, LLC, as well as their successors and assigns (collectively, the "Releasors") release and discharge Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company, as well as their respective divisions, business units, subsidiaries, affiliates, successors and assigns (collectively, the "Releasees") from any and all legal, equitable, administrative, and/or other bills, claims, counterclaims, demands, setoffs, defenses, accounts, suits, debts, dues, actions, causes of action, proceedings, arbitrations, damages, executions, judgments, findings,

controversies and disputes, whether known or unknown or suspected or unsuspected, which against the Releasees, Releasors ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever, whether known or unknown, suspected or unsuspected (i) relating to or arising out of any and/or all goods and/or services billed by or through Advantage Auto Glass, LLC, Solheim Solutions, LLC Assured Auto Protection, LLC and/or Cine-Glass, LLC at any time from the beginning of the world through *(insert the date that the Order is entered)*; and (ii) relating to or arising out of the submission of bills to Releasees seeking payment for any and/or all goods and/or services provided by or through Advantage Auto Glass, LLC, Solheim Solutions, LLC, Assured Auto Protection, LLC, and Cine-Glass, LLC, at any time from the beginning of the world through and including (*insert the date that the Order is entered*).

This release may not be changed orally.

IN WITNESS WHEREOF, the RELEASORS have hereunto set RELEASORS' hand and seal on the ___ day of _____, 2019.

5.      If any bills, claims, demands, losses, liabilities, costs, actions, causes of action or suits within the scope of the Release to be delivered to Plaintiffs pursuant to paragraph 4 of this Order arise following the entry of this Order, then Defendants Mrs. Solheim and/or the Additional Glass Companies agree to fully indemnify Plaintiffs for the costs, disbursements and attorneys' fees associated with defending against them and any liabilities resulting therefrom.

6.      Provided that during the period of ninety-one (91) days following Plaintiffs' receipt of the Settlement Proceeds, Defendants, Mrs. Solheim and/or the Additional Glass Companies do not seek voluntary protection under any federal

and/or state bankruptcy or insolvency laws, Plaintiffs shall, within five (5) days thereafter, (a) file a Notice of Voluntary Dismissal With Prejudice, pursuant to Fed. R. Civ. Proc. 41(a)(1); and (b) deliver to Defendants' counsel an executed and notarized release in the following form:

**RELEASE**

**TO ALL TO WHOM PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT**

Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company, as well as their successors and assigns (collectively, the "Releasors") release and discharge Jeremy Solheim, Amie Solheim, Advantage Auto Glass, LLC, Solheim Solutions, LLC Assured Auto Protection, LLC and Cine-Glass, LLC, as well as their successors and assigns (collectively, the "Releasees") from any and all legal, equitable, administrative, and/or other bills, claims, counterclaims, demands, setoffs, defenses, accounts, suits, debts, dues, actions, causes of action, proceedings, arbitrations, damages, executions, judgments, findings, controversies and disputes, whether known or unknown or suspected or unsuspected, which against the Releasees, Releasors ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever, whether known or unknown, suspected or unsuspected (i) relating to or arising out of any and/or all goods and/or services billed by or through Advantage Auto Glass, LLC, Solheim Solutions, LLC Assured Auto Protection, LLC and/or Cine-Glass, LLC at any time from the beginning of the world through *(insert the date that the Order is entered)*; and (ii) relating to or arising out of the submission of bills to Releasees seeking payment for any

- 5 -

and/or all goods and/or services provided by or through Advantage Auto Glass, LLC, Solheim Solutions, LLC, Assured Auto Protection, LLC, and Cine-Glass, LLC, at any time from the beginning of the world through and including (*insert the date that the Order is entered*).

This release may not be changed orally.

IN WITNESS WHEREOF, the RELEASORS have hereunto set RELEASORS' hand and seal on the ___ day of _____, 2019.

7.      Within thirty (30) days following the entry of this Order, Defendants, Mrs. Solheim and/or the Additional Glass Companies shall: (i) dismiss with prejudice, and without costs, disbursements and/or counsel fees, all claims for reimbursement within the scope of the Release required by paragraph 4 of this Order, if any, that have been filed by them or on their behalf against Plaintiffs in any forum (collectively referred to as the "Collection Proceedings"); and (ii) provide Plaintiffs' counsel, Rivkin Radler LLP, with written confirmation that the Collection Proceedings have been dismissed, with prejudice, or that no such Collection Proceedings exist.

8.      Upon the entry of this Order, Defendants, Mrs. Solheim and the Additional Glass Companies, as well as all individuals and/or entities acting on behalf or in concert with them, or any one of them, are permanently enjoined and restrained from any of the following:

(i)      providing or causing to be provided to any vehicle that is insured by GEICO any goods and/or services, including but not limited to auto glass repair/replacement services, by or through: (a) Defendants, Mrs. Solheim and the Additional Glass Companies; (b) any other entity, regardless of form, either existing or

prospective, including but not limited to Advantage and the Additional Glass Companies, in which Solheim and/or Mrs. Solheim, Advantage or the Additional Glass Companies, or any of them, have any direct or indirect financial or ownership interest; and (c) any other entity, regardless of form, either existing or prospective, including but not limited to Advantage and/or the Additional Glass Companies, which Solheim and/or Mrs. Solheim, Advantage or the Additional Glass Companies, or any of them, directly or indirectly manage, operate, or control.

(ii)    submitting or causing to be submitted bills, claims, or requests for payment of any kind to GEICO, or commence, or cause to be commenced, any lawsuits, arbitrations, or other proceedings against GEICO for any services and/or goods, including but not limited to auto glass repair/replacement services, provided by or through: (a) Defendants, Mrs. Solheim and the Additional Glass Companies; (b) any other entity, regardless of form, either existing or prospective, including but not limited to Advantage and the Additional Glass Companies, in which Solheim and/or Mrs. Solheim, Advantage or the Additional Glass Companies, or any of them, have any direct or indirect financial or ownership interest; and (iii) any other entity, regardless of form, either existing or prospective, including but not limited to Advantage and/or the Additional Glass Companies, which Solheim and/or Mrs. Solheim, Advantage or the Additional Glass Companies, or any of them, directly or indirectly manage, operate, or control.

(iii)    referring or causing to be referred any vehicle that is insured by GEICO that may require auto glass repair/replacement goods

and/or services to any other individual and/or entity owned, controlled, or operated by Defendants, Mrs. Solheim and the Additional Glass Companies, any family member of Solheim or Mrs. Solheim, or any entity in which Solheim or Mrs. Solheim and/or the Glass Companies have a financial or ownership interest.

(iv)   referring or causing to be referred any individual insured by GEICO who may require auto glass repair/replacement goods and/or services on a vehicle that is insured by GEICO to any other individual and/or entity in exchange for any fee, compensation, or any other economic benefit payable to Defendants, Mrs. Solheim and the Additional Glass Companies or to a third-party on their behalf.

9.    In the event that Defendants, Mrs. Solheim or the Additional Glass Companies violate any of the restrictions set forth in paragraph 8(i)-(iv) of this Order, then they shall be liable and agree to pay to Plaintiffs: (i) liquidated damages in an amount equal to $1,250.00 for each violation, as well as (ii) all legal fees, costs and disbursements incurred by GEICO in securing compliance with this Order.

10.    Defendants, Mrs. Solheim or the Additional Glass Companies shall not enter into any transactions, arrangements or agreements, or engage in any conduct that violates this Order.  In the event of a threatened, attempted or actual violation of any part of paragraph 10 of this  Order, Plaintiffs shall have the right to compel specific performance by Defendants, Mrs. Solheim or the Additional Glass Companies and/or to obtain preliminary and/or permanent injunctive or other relief to secure compliance, and in any such proceeding seeking specific performance and/or injunctive relief, Plaintiffs shall not be required to post a bond as a condition of the Court's issuance of a preliminary and/or permanent injunction.

11.    In any proceeding brought to enforce the terms of this Order, the

- 8 -

prevailing party shall be entitled to recover its costs, disbursements and attorneys' fees from the non-prevailing party.

Dated this 9th day of September, 2019.

Honorable Susan M. Brnovich
United States District Judge