**THORPE SHWER, P.C.**
William L. Thorpe (No. 005641)
Jamie Gill Santos (No. 026251)
3200 North Central Avenue, Suite 1560
Phoenix, Arizona 85012-2441
Telephone: (602) 682-6100
Email: docket@thorpeshwer.com
Email: wthorpe@thorpeshwer.com
Email: jsantos@thorpeshwer.com

**RIVKIN RADLER, LLP**
Barry I. Levy (admitted *pro hac vice*)
Steven Henesy (admitted *pro hac vice*)
Michael Vanunu (admitted *pro hac vice*)
926 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 357-3000
Email: barry.levy@rivkin.com
Email: steven.henesy@rivkin.com
Email: michael.vanunu@rivkin.com

*Counsel for Plaintiffs Government Employees Insurance Co.,
GEICO Indemnity Co., GEICO General Insurance Co., and GEICO Casualty Co.*

# IN THE UNITED STATES DISTRICT COURT
# FOR DISTRICT OF ARIZONA

| | |
|---|---|
| Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co.,<br><br>Plaintiffs,<br><br>v.<br><br>Advantage Auto Glass, LLC, and Jeremy Solheim,<br><br>Defendants. | NO. CV-19-2705-PHX-SMB<br><br>**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION**<br><br>(Assigned to the Hon. Susan M. Brnovich) |

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively, "GEICO" or "Plaintiffs"), pursuant to the terms of the Order of Settlement entered by the Court in this action [Dkt. 26], move for entry of a judgment against: (i) Defendants Advantage Auto Glass, LLC ("Advantage") and Jeremy Solheim ("Solheim," and collectively with

9184058

Advantage, "Defendants"); (ii) Amie Solheim ("Mrs. Solheim"); and (iii) Solheim Solutions, LLC, Assured Auto Protection, LLC, and Cine-Glass, LLC (collectively, the "Additional Glass Companies" and, collectively with Solheim,. Advantage, and Mrs. Solheim, the "Solheim Parties"). This motion is supported by the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **Background**

    A.    **GEICO's Complaint**

GEICO commenced this action against the Defendants on April 29, 2019. [Dkt. 1]. The Complaint alleges that the Defendants masterminded a massive fraudulent scheme whereby they used Advantage as a vehicle to submit thousands of insurance claims to GEICO. As alleged in the Complaint, the Defendants were never entitled to collect on their fraudulent billing submitted to GEICO because their charges – stemming from purported windshield repair and replacement services – involved: (i) charges for illusory services that were never performed and/or provided in the first instance; and (b) the submission of fabricated purchase invoices in order to substantiate the Defendants' charges for the windshield repair and replacement services and to create the appearance that the Defendants had legitimately acquired the certain windshield glass and parts, when in fact they did not. [Id.].

Based on the allegations in the Complaint and the accompanying exhibits, Plaintiffs asserted claims against the Defendants for – variously – declaratory judgment, civil RICO violations pursuant to 18 U.S.C. § 1962(c), violations of A.R.S. § 13-2314-04, common

2

9184058

law fraud, and unjust enrichment. Through these claims, GEICO sought to recover the more than $650,000.00 it has already paid on the fraudulent billing that the Defendants submitted, or caused to be submitted, through Advantage Auto Glass as well as treble damages and attorneys' fees. [Dkt. 1].

### B.      The September 9, 2019 Order of Settlement and the Defendants' Default

In September 2019, Plaintiffs and the Defendants entered into a settlement agreement, which was so-ordered by this Court on September 9, 2019 (the "Order of Settlement"). [Dkt. 26]. In addition to Plaintiffs and the Defendants, Mrs. Solheim and the Additional Glass Companies were also parties to the Order of Settlement. [Id., p. 1].

Under the terms of the Order of Settlement, the Defendants were to, among other things, pay GEICO the sum of $50,000.00 dollars (the "Settlement Proceeds") within sixty (60) days of the entry of the Order of Settlement. [Id., ¶ 1]. Pursuant to the Order of Settlement, in the event the Defendants failed to pay the full Settlement Proceeds within 60 days of the entry of the Order of Settlement, GEICO would be entitled to enter a judgment against the Solheim Parties, jointly and severally, in the amount of $250,000.00. [Id., ¶ 2].

Following the entry of the Order of Settlement, the Defendants paid GEICO a portion of the Settlement Proceeds, but did not the full amount payable under the Order of Settlement. As of this filing, the Defendants have not paid the full Settlement Proceeds to GEICO.

. . .

. . .

3

9184058

## ARGUMENT

The Court should enter judgment in the amount of $250,000.00 against the Solheim Parties. Under the Order of Settlement, the Defendants were to pay the Settlement Proceeds to GEICO within 60 days of the entry of the Order of Settlement. That time expired on November 8, 2019. Because the Defendants failed to pay the Settlement Proceeds within the prescribed time, the default provisions contained in paragraph 2 the Order of Settlement dictate – namely that the Solheim Parties, jointly and severally, should now be the subject a judgment in the amount of $250,000.00. In particular, paragraph 2 of the Order of Settlement provides as follows:

> Should: (i) Defendants fail to pay and deliver the Settlement Proceeds to GEICO's counsel within sixty (60) days from the entry of this Order…then <u>GEICO shall be immediately entitled to enter a judgment against Defendants, Mrs. Solheim and/or the Additional Glass Companies, jointly and severally, in the amount of $250,000.00 (the "Judgment")</u>. The amount of the Judgment shall be deemed liquidated damages, and shall not be considered to be a penalty. Interest on the Judgment shall accrue at the highest rate allowable by applicable law until fully paid. In addition, Plaintiffs shall be entitled to reimbursement of all reasonable attorneys' fees, costs and disbursements that it incurs in connection with any further collection activities.

[Id.] (emphasis added).

In support of this motion, Plaintiffs have attached the declaration of Jeffrey Schmersahl, a GEICO Special Investigation Unit Manager, establishing that the Defendants have failed to pay the full Settlement Proceeds within the time allowed under the Order of Settlement Agreement. <u>See</u> Exhibit "1".

Therefore, Plaintiffs respectfully request that the Court enter judgment against the Solheim Parties in the amount of $250,000.00. A proposed form of judgment for the Court's consideration is lodged simultaneously herewith.

9184058

## CONCLUSION

For the reasons set forth herein, Plaintiffs' motion for entry of judgment against the Solheim Parties should be granted.

Dated this 17th day of September, 2020.

**THORPE SHWER, P.C.**

By: /s/ *William L. Thorpe*
William L. Thorpe
Jamie Gill Santos

AND

Barry I. Levy (admitted *pro hac vice*)
Steven Henesy (admitted *pro hac vice*)
Michael Vanunu (admitted *pro hac vice*)
**RIVKIN RADLER LLP**

*Counsel for Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co.*

5

9184058

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2020, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

/s/ Lynn Acosta

6

9184058